## ELMORE and another vs. HILL.

SHERIFF. *(1) His duty on receipt of an execution. (2) Burden of proof in case of delay. (3) Delay during term of court. (4, 5) Pleading. (6) How sheriff may put in issue the validity of the judgment.*

1. On receipt of an execution, in the absence of specific instructions, the officer must proceed as soon as the nature of the case will admit, to seize the property of the debtor, if he knows, or by reasonable effort can ascertain, that such debtor has property in his bailiwick liable to seizure on execution.

2. If the officer fails to execute the process within an apparently reasonable time, the burden is upon him (in an action against him for damages for such failure) to allege and prove circumstances showing that the delay was not in fact unreasonable.

3. The duties of serving process and attending upon the circuit court while in session, may both be performed by the sheriff *by deputy;* and his delay of *four days* to levy an execution (under the circumstances above stated) is *prima facie* an unreasonable delay, even during a term of court.

4. The sheriff's answer in such an action further avers that he put the execution in his files for service in the regular order of reception, but, by reason of his official duties, before he reached it in its order, and before he was able or had an opportunity to serve it (viz., on the fourth day after its reception), the execution debtor sold and assigned all his property, etc. There is no averment showing how many other writs were in his hands, the necessity for their speedy service, or the time required to serve them. *Held,* on demurrer, that the answer is insufficient.

5. A further averment in the answer, that the sheriff's failure to execute the process was without fault on his part, *held* to be merely of a conclusion of law.

6. The judgment on which such execution issued, being a public record in defendant's own county, and in a court of which he was an officer, he will not be heard to aver a lack of knowledge or information sufficient to form a belief as to whether such judgment was valid.

APPEAL from the Circuit Court for *Fond du Lac* County. Action to recover damages for the failure of the defendant, as sheriff of Fond du Lac county, to collect an execution duly issued on a judgment recovered by the plaintiffs against the

Fond du Lac Threshing Machine Company, in the circuit court for that county.

The complaint alleges the official character of the defendant, the recovery of the judgment, the issuing of an execution thereon, and the delivery of the execution to the defendant, April 25, 1876. It contains a copy of the execution (which is in the usual form), also copies of indorsements upon it of the sum to be collected, the date of its receipt by the defendant, signed by him, and its return by him, *nulla bona*, June 9, 1876. It is further alleged that the execution debtor had property in said county, when the defendant received the execution, sufficient to satisfy it, of which the defendant had notice, but that, in violation of his duty, he failed to make any levy.

The defendant admits in his answer that he was sheriff, and as such received and returned the execution as stated in the complaint; but whether such execution was issued upon a regular and valid judgment, the defendant avers " that he has no knowledge or information sufficient to form a belief." The remainder of the answer consists of allegations of fact, which, it is claimed, excuse the failure of the defendant to make a levy by virtue of the execution. These allegations are as follows:

" But the defendant, further answering, alleges that he was not guilty of any violation of his official duty touching any of the matters and things alleged in the said complaint; for he says that, at the time he received the said execution, he was engaged as an officer of the circuit court for said county, in discharge of its business, and of his official duties as sheriff, such court being then in session, all of which the said plaintiffs then and there well knew; that no instructions were given as to the time or manner of the service of said writ, and no knowledge or information was given concerning the necessity of any haste, or danger that was imminent or impending, that the defendant in the writ was insolvent or likely to become so. But, on the contrary, the defendant in the writ was possessed of a

large amount of property in his bailiwick, and apparently able to respond to the demand of the writ, and, so far as this defendant was informed or knew, was perfectly solvent, and not contemplating or designing any act which would impair its responsibility, or throw any obstacle in the way of the collection and payment of the amount in said writ commanded to be made.

" That this defendant, upon the receipt of said writ, placed the same in his files for service in its regular order of reception, and thereafter, and before this defendant, by reason of his official duties as such sheriff as aforesaid, had an opportunity or was able to serve the said execution, the said defendant in the execution sold and transferred all its assets, to wit, on the 29th day of April, 1876, by an assignment in due form of law, for the benefit of its creditors, to H. P. Brown, who upon the same day took possession thereof, and was so seized and possessed when this defendant first reached the said writ of execution in its order for service by levy and collection; and that it did not then have, nor did it thereafter have, any goods or chattels, lands or tenements, whereof he could make the same, or any part thereof — all of which was without any fault, neglect or omission of this defendant."

Plaintiffs demurred to the answer as not stating a defense; and appealed from an order overruling their demurrer.

The appeal was submitted on the brief of *Giffin & Williams* for the appellants, and that of *E. S. Bragg* for the respondent.

For the appellants it was argued, 1. That the denial of knowledge as to the validity of their judgment was not a sufficient traverse. *Hathaway v. Baldwin*, 17 Wis., 616; *Mills v. Jefferson*, 20 id. 50; *Brown v. La Crosse Gas Light & Coke Co.*, 21 id., 51; *State v. McGarry*, id., 496; *City of Milwaukee v. O'Sullivan*, 25 id., 666; *Goodell v. Blumer*, 41 id., 436, 444; *People v. McCumber*, 27 Barb., 632; *Hance v. Remming*, 1 Code R., N. S., 204; *Ketcham v. Zerega*, 1 E.

D. Smith, 554; *Chapman v. Palmer*, 12 How. Pr., 37; *Thorn v. N. Y. Cent. Mills*, 10 id., 19; *Wesson v. Judd*, 1 Abb. Pr., 254; 1 Van Santv. Pl., 2d ed., 440–445. 2. That the answer shows no sufficient excuse for failure to levy in time. Freeman on Ex., §§ 107, 252; id., p. 395, note 4; *Bowman v. Cornell*, 39 Barb., 69; *Barnard v. Ward*, 9 Mass., 269; Tay. Stats., 320, §§ 144–5.

For the respondent it was contended, 1. That the traverse of the validity of plaintiff's judgment was sufficient, being one of the forms of denial provided in the statute. 2. That the sheriff was not bound to know that the execution defendant would make an assignment of all his property within a short time after the delivery of the writ. He was bound to use only reasonable diligence and dispatch in the service of the writ; and it was the duty of plaintiff's attorneys to apprise him if there was anything calling for action except in the ordinary course of business. The sheriff's liability depends upon diligence; and diligence is a question for the jury upon all the facts. Freeman on Ex., §§ 107, 252, and cases there cited.

LYON, J. If the answer shows a legal excuse for the failure of the defendant sheriff to seize the property of the judgment debtor by virtue of the execution, before the property was placed beyond his reach by the sale and assignment thereof, or if the answer sufficiently denies the validity of the judgment, it states a defense, and the demurrer thereto was properly overruled. Otherwise the demurrer should have been sustained; for the answer states no other defense.

I. The degree of diligence required of a sheriff or other officer, when an execution is placed in his hands for collection, has been much considered by the courts. The result of the adjudications on the subject seems to be, that, on receipt of the execution, in the absence of specific instructions, the officer must proceed with reasonable celerity to seize the property of the debtor, if he knows, or by reasonable effort can ascertain,

that such debtor has property in his bailiwick liable to seizure on execution. The officer must do this as soon after the process comes to his hands as the nature of the case will admit. If he fails to execute the process within an apparently reasonable time, the burden is upon him to show, by averment and proof, that his delay was not, in fact, unreasonable. Failing this, he must respond in damages to the party injured by his negligence. Many facts and circumstances may exist, which would authorize a jury to find that delay in a given case was reasonable, when, if unexplained, the court would not hesitate to hold as a matter of law that it was unreasonable. On this subject generally, see Freeman on Executions, §§ 107, 252, and cases cited in notes.

Where negligence conclusively appears, whether by averment or proof, the court must so hold. In such case there is no question to be submitted to the jury. *Goldstein v. Railway Co.*, *ante*, p. 404. In the present case, we should have no difficulty in holding that an unexplained delay of four days after the sheriff received the execution, before he attempted to make a seizure under it — the debtor having property during all that time, known to the sheriff and accessible to him, out of which the execution might have been satisfied, — is a negligent delay, if the debt is thereby lost. Hence, the burden is upon the sheriff to aver and prove facts which will explain the delay, and thus relieve him of the imputation of negligence.

The question then is, Do the allegations of the answer, if true, show that the delay of four days in making a seizure under the execution was a reasonable delay? Or, stating the question in another form, Is the delay — which was apparently for an unreasonable time, and which, unexplained, must be held to be negligence — explained or excused by the averments of the answer? We think the question must be answered in the negative. The only averments of fact which in any manner might tend to excuse the delay, are, that when the defendant received the execution, the circuit court for Fond du Lac

county was in session, and he was engaged in the discharge of his duties as an officer thereof; and that he placed the execution in his files for service, in the regular order of reception, but, by reason of his official duties, before he reached it in its order, and before he was able or had an opportunity to serve it, the execution debtor sold and assigned all of its property for the benefit of its creditors, and he was unable to collect the execution. The averment that his failure to execute the process was without fault, negligence or omission on the part of the defendant, is a conclusion drawn from the facts thereinbefore stated.

It is noticeable that the time during which the circuit court remained in session after the defendant received the execution, is not stated in the answer. The court may have adjourned without day, within an hour after he received the process, and still the averment would be strictly true. Neither is it directly stated, that the defendant had other writs in his hands for service when he received the execution, although that may, perhaps, be implied. But as to the number of such other writs, the time required to serve them, or the necessity for speedy service, the answer is silent.

The statute authorizes the sheriff to appoint as many deputies as he sees fit, to assist him in the discharge of his official duties, whether in or out of court. One object of this grant of power undoubtedly is to secure speedy service of process. Although the statute required the sheriff to attend upon the circuit court for his county when in session, it required him to do so in the same manner that it required him to serve or execute process, that is, in person or by his under-sheriff or deputies. R. S. 1858, ch. 13, sec. 103 (Tay. Stats., 321, § 148). We are aware of no statute which required the defendant to remain in constant personal attendance upon the circuit court when in session, and, practically, we know that such personal attendance of the sheriff is frequently, perhaps usually, unnecessary. But even were his personal attendance upon the

court necessary, no good reason is alleged why the defendant did not send a deputy to make a levy by virtue of the plaintiff's execution. Hence, were it averred that the court was constantly in session while the defendant held the execution, we should be constrained to say that this fact, standing alone, does not excuse the delay in executing the process.

The same remarks are applicable to the averment (if there be one), that the defendant was delayed in the service of the execution by reason of his having received other process for service before he received the execution.

Our conclusion upon this branch of the case is, that the answer fails to state facts from which a jury would be authorized to find that the delay of the defendant to seize the property of the debtor to satisfy the execution was not negligence.

II. As to the averment in the answer, that the defendant has no knowledge or information sufficient to form a belief as to whether the execution was issued upon a regular and valid judgment, a few observations must suffice.

It is competent for the defendant to controvert the validity of the judgment. Mere irregularity will not defeat the action; but it is a perfect defense thereto if he can show that the judgment is void. The complaint substantially alleges a valid judgment, and it is attempted to put the allegation in issue by a denial, in the answer, of knowledge or information thereof sufficient to form a belief.

Although this is an authorized form of denial, the right to employ it is by no means absolute or universal. Says a learned writer, "If the fact charged is evidently within the defendant's knowledge — as an act done by himself and within the period of recollection, or where he has the means of information,— a denial of information in the language of the statute would be clearly false or evasive, and such an answer should be disregarded." Bliss on Code Pleadings, § 326. See also cases cited in brief of counsel for appellants.

The execution which the defendant had in his possession, informed him of the existence of the judgment. It showed *prima facie* a valid judgment. The judgment was a public record in the defendant's county, and in the court of which he was an officer. So, also, were the proceedings in the action preliminary to the judgment. It was his duty to examine the record, and ascertain for himself whether the judgment was valid or not, and to answer accordingly. We think no well considered case can be found, which, in like circumstances, sanctions the form of denial here employed. Indeed, this form of denial in such a case would be destructive of that cardinal principle in any proper system of pleading, that the pleadings must, as far as practicable, state the actual controversy between the parties. It must be held, therefore, that the answer contains no sufficient denial of the validity of the judgment.

It follows from the views above expressed, that the answer fails to state any defense to the cause of action stated in the complaint, and that the demurrer thereto should have been sustained.

*By the Court.* — Order reversed, and cause remanded for further proceedings according to law.