STATE EX REL. PRAHLOW, Petitioner, vs. CITY OF MILWAUKEE and others, Respondents.

*November 18—December 11, 1947.*

For the petitioner there were briefs by *Joseph A. Barly* and *Maxwell H. Herriott,* both of Milwaukee, and oral argument by *Mr. Herriott.*

For the respondents there was a brief by *Walter J. Mattison,* city attorney, and *Omar T. McMahon,* assistant city attorney, and oral argument by *Mr. McMahon.*

A brief was filed by the *Attorney General, Stewart G. Honeck,* deputy attorney general, and *W. E. Torkelson,* assistant attorney general.

ROSENBERRY, C. J.  In order to make the question for decision plain the issue made by the pleadings will be briefly stated.  Prior to the enactment of ch. 573, Laws of 1947, which was published August 26, 1947, claims for high-school tuition were filed and collected pursuant to the provisions of sec. 40.47, subs. (5) and (6), Stats.  Sub. (5) (a) provides the manner in which the computation for tuition for nonresident pupils shall be made.  Sub. (5) (b), sec. 40.47, Stats. 1945, provided:

"Before August 15 in each year the school clerk shall file with the clerk of each municipality from which any tuition pupil was admitted, . . . a sworn statement of claim against the municipality setting forth" . . . certain matters therein enumerated not material here.

Sub. (6), sec. 40.47, Stats. 1945, provided that the municipal clerk shall—

". . . enter upon the next tax roll such sums as may be due for such tuition from his municipality and the amount so entered shall be collected when and as other taxes are collected. . . . Failure of the municipal clerk to comply with the provisions of this section shall render that officer and his bondsmen liable for the amount of the tuition statements rendered to him by the school clerks and shall constitute cause for removal from office for failure to perform the duties of said office as provided by sections 17.13 and 17.16."

Sub. (6), sec. 40.47, Stats. 1945, was amended by sec. 17 of ch. 573, Laws of 1947, which was further amended by sec. 11r of ch. 614, Laws of 1947.  The latter amendment is not material upon this hearing.

Under the provisions of subs. (5) and (6), sec. 40.47, Stats., as amended by the laws of 1947, the basis of computing claims for nonresident high-school tuition was changed.  Sub. (5) (b), as so amended, provides as follows:

"Before August 1 in each year, beginning with the year 1947, the school clerk shall file with the clerk of each county

from which any tuition pupil was admitted, a sworn statement," etc.

Sub. (6) of sec. 40.47, Stats., as amended by the laws of 1947, provided:

"The county clerk on receiving the tuition statements provided for in section 40.47 (5) (a) and (b) shall apportion the amount thereof on the basis of the ratio of the equalized valuation of that portion of each municipality within the county that lies outside of districts which operate high schools to the total equalized value of all of the territory within the county that lies outside of high-school districts and certify the amount so obtained to the clerks of said municipalities. The municipal clerk shall enter upon the next tax roll such sums as may be due for such tuition from his municipality and the amount so entered shall be collected when and as other taxes are collected. . . ."

It appears that on July 17, 1947, an amendment was proposed and adopted in the legislature inserting the words "beginning with the year 1947" in the first clause of sub. (5) (b), sec. 40.47, Stats., so that when amended it read:

"Before August 1 in each year, *beginning with the year 1947,* the school clerk shall file with the clerk of each county," etc.

Although the bill passed the legislature on July 18, 1947, it was not approved until August 19, 1947, four days after the return should have been made as provided by the laws of 1945, and was published on August 26, 1947.

If ch. 573, Laws of 1947, had been approved and published prior to the 15th day of August, there could be no dispute as to the intention of the legislature which was that the high-school tuition for the school year of 1946–1947 should be collected in accordance with the provisions of ch. 573.

The petitioner argues that because the bill did not become a law until August 26, 1947, and being prospective in its action, the high-school tuition should be collected in accordance with

the laws of 1945. Otherwise it would be necessary to hold that ch. 573, Laws of 1947, is retroactive and invalid.

The question involved is stated by counsel for respondents as follows:

"Did the legislature intend ch. 573, Laws of 1947, to govern the determination of the amount of nonresident high-school tuition for 1947, and require the amount of claims therefor to be included in the tax rolls which will be made up in December, 1947?"

It appears from the allegations of the petition that there has been certified to the petitioner as town clerk the amount which should be inserted in the tax roll of the town under the provisions of ch. 573, Laws of 1947. The amount so certified was the sum of $75,661.99, of which amount $9,101.64 was included therein by reason of the action of the county school committee which was created by ch. 573.

It further appears from the allegations of the petition that petitioner has received a certificate setting forth the amount to be collected from the residents of the town of Milwaukee for nonresident high-school tuition from the village of Whitefish Bay, $817.05, village of Shorewood, $17,002.85, the city of Milwaukee a tuition bill for $14,030.26, total, $31,850.16, the several amounts being certified to him under and pursuant to the provisons of the laws of 1945.

The petitioner further alleges that he has not yet actually inserted in the tax roll of 1947 the amount of the claims above set out, but is required under penalty of personal liability for failure to certify the amount of the claim filed with him on or before August 15, 1947, in said amount of $31,850.16, whereas the certification made by the county clerk of Milwaukee county directs the petitioner under similar penalty to place the amount of $71,661.99 on the 1947 tax roll of the town of Milwaukee.

Although certificates were filed with the petitioner as provided by the laws of 1945 before the time came for spreading the tax the provisions under which those certificates had been

made were repealed before the tax should be spread (sec. 70.63, Stats.). It was clearly the intention of the legislature to require the high-school tuition to be collected for the school year 1946–1947 in accordance with the provisions of sec. 17, ch. 573, Laws of 1947. While the provisions of subs. (5) and (6), sec. 40.47, Stats. 1945, were not expressly repealed they were superseded and repealed by implication by the provisions of ch. 573.

While when ch. 573, Laws of 1947, was published it was then physically impossible to comply with its terms literally, it is clear that its provisions were directory, so that when the certification provided for by ch. 573 was made it became the duty of the town clerk, the petitioner in this case, to spread the amount so certified in accordance with the provisions of ch. 573.

Petitioner argues that when a sworn statement is filed for services previously rendered and the amount of the tuition claims to be placed upon the tax roll is by statutory mandate fixed as of August 15th, the legislature cannot constitutionally either authorize an increase or a decrease in the amount of the claims, in view of sec. 12, art. I, of the Wisconsin constitution, which provides:

"Sec. 12. No bill of attainder, *ex post facto* law, nor any law impairing the obligation of contracts, shall ever be passed, and no conviction shall work corruption of blood or forfeiture of estate."

It is to be noted that sec. 12, art. I, Const., does not apply to a retroactive law as the constitutions of some states do. An *ex post facto* law applies only to criminal prosecutions. *State v. Schaeffer*, 129 Wis. 459, 109 N. W. 522.

"A municipal corporation has no privileges or immunities under the federal constitution [and] the authority of the legislature over a municipal corporation is supreme, subject, however, to such limitations as may be prescribed by the state constitution."

*State ex rel. Martin v. Juneau,* 238 Wis. 564, 570, 300 N. W. 187.

The petitioner in this case is an officer of a municipality. As such officer the state legislature imposed upon him the duty to make certain certifications. We find no provision in our constitution which gives an officer of a municipality a vested right in the particular manner in which his duties shall be performed. The state may change these; may prescribe different duties; take away duties that have been conferred, and unless and until a public officer can point to some provision of our constitution which has been violated he has no ground for complaint. The petitioner in this case certainly cannot complain on the ground that the legislature has seen fit to substitute one method of collecting claims for nonresident high-school tuition for a prior method.

While the question is not before us, we can see no grounds upon which the petitioner can become liable under the laws of 1945, sub. (6), or under sub. (6), sec. 40.47, Stats., as amended by the laws of 1947. It is the county clerk who is liable for penalty for failure to perform his duties and not the clerks of other municipalities. So far as we are able to discover no penalty is imposed upon the municipal clerk for failure to perform his duties. Under ch. 573, Laws of 1947, the petitioner will not become liable for a penalty if he spreads the amount of the claim as a tax upon the property liable under ch. 573.

The town clerk is not required to deliver the tax roll to the treasurer of the town until on or before the third Monday in December. The tax roll is in his hands from the first Monday in July until it is delivered to the assessor. Under ch. 573, Laws of 1947, the county clerk is required, sub. (6), sec. 40.47, Stats., on receiving the tuition statements to proceed to apportion the amount of the claims filed on the basis provided in sub. (6). Under ch. 573 the municipal clerk has no duty to perform in connection with the collection of claims for high-

school tuition until he receives the certificate from the county clerk. There was ample time after the publication of ch. 573 for the clerks of the school districts to make and file claims for high-school tuition under ch. 573 in time to enable the county clerk to perform his duties. The fact that ch. 573, which requires the school clerk to file with the county clerk a statement of claims for nonresident high-school tuition on or before August 1st, was not published and did not become effective until August 26, 1947, resulted in an anachronism in that the act required that to be done which should have been performed on August 1st.

However, we see nothing in the situation that prevents a substantial compliance with the provisions of ch. 573, Laws of 1947, by the several officers concerned. The intent of the legislature that the collections of claims for high-school tuition should proceed in accordance with the provisions of ch. 573 is so plain and conclusive that no other interpretation can be given to the statute than that now placed upon it without defeating the clear intent and purpose of the legislature. It may be that the situation will produce some confusion and uncertainty, but on the other hand there seems to be no other alternative. Subs. (5) and (6) of sec. 40.47 of the laws of 1945 have been repealed by implication so that the collection could no longer be carried out in accordance with the provisions of those subsections.

We see no grounds upon which the petitioner may make a valid claim that ch. 573, Laws of 1947, is unconstitutional. It seems to have been overlooked in this case that the petitioner is a public officer charged with the performance of certain duties as an officer of a municipal corporation. This court has held a number of times that municipalities obtain no vested right under an act of the legislature relating to them since the constitution reserves to the legislature the right to repeal or alter any such act. The authority of the legislature over municipalities is supreme, subject, however, to such limitations

as may be prescribed by the state constitution. *State ex rel. Martin v. Juneau, supra.* We find no provision of the state constitution which has been violated by the enactment of ch. 573. The law is not strictly retroactive in any sense. The duties to be performed by the school clerk relate to high-school tuition claims for the school year of 1946–1947, which ended July 1, 1947, but under the circumstances that duty could not be performed on the day designated, in fact, the duty was not imposed upon the school-district clerk until ch. 573 became a law. Prior to that time it was his duty to certify to the town clerk instead of the county clerk. The mere fact that the act requires something to be done as of a prior date does not make ch. 573 retroactive. See also *Mount Pleasant v. Beckwith,* 100 U. S. 514, 25 L. Ed. 699.

We therefore conclude that the collection should be made in accordance with the provisions of said ch. 573, Laws of 1947, and that the law is as so construed, constitutional.

The mandate filed on December 1, 1947, is as follows:

"*By the Court:* It is adjudged:

"1. That it was the intention of the legislature in enacting ch. 573, Laws of 1947, as amended by ch. 614, Laws of 1947, to provide that the high-school tuition for the years 1946–1947 should be collected under the law as so amended.

"2. That as so construed, ch. 573, Laws of 1947, as so amended, is constitutional."