CITY OF MINERAL POINT, Appellant, vs. DAVIS, Respondent.

*September 13—October 12, 1948.*

John A. *Walsh* of Mineral Point, for the appellant.

For the respondent there was a brief by *Jones & Hamilton* of Dodgeville, and oral argument by *David O. Jones*.

FAIRCHILD, J. The result below holding that the complaint did not state a cause of action was arrived at on the theory that ch. 371, Laws of 1945, did not or could not control the amount to be charged for the school period here involved. The question thus presented is, "Did ch. 371, Laws of 1945, apply to nonresident tuition for the 1944–1945 school year?" The sufficiency of the complaint depends primarily upon the application of that chapter to that school year and likewise the sufficiency of the answer is to be determined thereby.

Sec. 40.47 (5), Stats., before amended in 1945 limited the amount of the claim for high-school tuition to the difference between the amount of state aid and $3.50 per week and fixed "before July" as the date for preparing and submitting the amount of the claim. Ch. 371, Laws of 1945, changed the limitation to $4 per week and the date for filing the claim to August 15th. The act was published June 27, 1945, and became law on June 28, 1945. Sec. 370.05, Stats.

The trial court in dismissing the complaint assumed that ch. 371, Laws of 1945, could not be applied without violating rules controlling retroactive legislation. We cannot agree with that conclusion. In the school year 1944–1945 under the unamended statute nothing had come due. Neither the time for filing nor for computation of the claim expired until July 1st. The amendment became effective on June 28th. Therefore in changing the limitation of the claim for tuition and directly changing the date of filing for the 1944–1945 school year it was operating prospectively. The fact that the period of school attendance had occurred before the passage of the amendment is not sufficient to defeat the claim of plaintiff.

Recently in *State ex rel. Prahlow v. Milwaukee* (1947), 251 Wis. 521, 530, 30 N. W. (2d) 260, this court dealt with a later amendment to the statute in question here. It was passed on August 26, 1947, and increased the limitation and fixed August 1st of the same year as the date for the filing of

the tuition claims for the 1946–1947 school term. We held that "the mere fact that the act requires something to be done as of a prior date does not make [it] retroactive." We adhere to that ruling; under it the act before us is not retroactive as to the facts here presented.

Furthermore, on July 1st when the city would have had to file its claim under the 1944 statute, the only law under which it could act was the amendment. The inconsistent provisions of sec. 40.47 (5), Stats., were repealed by implication. *Thom v. Sensenbrenner* (1933), 211 Wis. 208, 247 N. W. 870; *State ex rel. Prahlow v. Milwaukee, supra;* 1 Sutherland, Statutory Construction (3d ed.), p. 461, sec. 2012, see note 3.

It is within the power of the legislature representing and acting for the sovereign to change the amount of tuition claim for any given year. *State ex rel. Prahlow v. Milwaukee, supra.* Considering that the amendment was timely in its passage and that the former provisions were repealed by implication the only conclusion to be drawn is that the legislature intended to have it apply to the school term in question.

Although we have reversed the ruling of the trial court on other grounds, we have deemed it proper to call attention to the form of pleading used in the complaint.

This action is not against the town of Mineral Point but against an individual, the treasurer of the town, personally. In order for him to be liable it must appear that he failed to perform the duties imposed upon him by statute and that the municipality complied with sec. 40.47 (6), Stats., by inserting the amount of tuition on the tax roll and that he as treasurer collected a tax sufficient to pay the tuition. Both paragraphs of the complaint dealing with this factual basis of liability commence "that the plaintiff on information sufficient to form a belief alleges." This form of pleading is defective in two respects: (1) A mere statement based only on "information sufficient to form a belief" is not permissible; it is an evasive and defective pleading. This form may be appropriate to denials

but is not as to positive allegations; that is, a party may deny that he has knowledge or information sufficient to form a belief. The only allegation of this type permitted is one "upon information and belief" as expressly authorized by sec. 263.25. See in this connection, *Thauer v. Gaebler* (1930), 202 Wis. 296, 232 N. W. 561. (2) The facts upon which the liability of defendant is to be predicated are all matters of public record and under elementary rules are not to be pleaded upon information and belief. *Steinberg v. Saltzman* (1907), 130 Wis. 419, 110 N. W. 198; *Neacy v. Milwaukee* (1913), 151 Wis. 504, 139 N. W. 409.

Respondent claims that plaintiff's complaint does not state a cause of action because the pleading is defective in the particulars referred to. This precise question was not raised or dealt with below. This may be due to the prominence of the argument as to the retroactive character of the act involved. However, it is not usual that an objection to a pleading, defective in some particular in stating a cause of action, is allowed to be raised for the first time on appeal where the defect might be corrected readily in the court below,. 4 C. J. S., Appeal and Error, p. 530, sec. 274. *Stierle v. Rohmeyer* (1935), 218 Wis. 149, 260 N. W. 647, and *Lundberg v. University of Notre Dame* (1939), 231 Wis. 187, 282 N. W. 70, 285 N. W. 839, the cases cited by respondent as being contrary to this view, did not deal with matters of pleading form.

In view of our disposition of the principal question involved the complaint is sufficient but the demurrer to the answer should be sustained; the action should not have been dismissed. Leave is granted the parties to file amended pleadings.

*By the Court.*—The judgment is reversed, as is the order overruling the demurrer to the answer. The cause is remanded with directions to vacate the judgment, reinstate the case, and permit further proceedings in accordance with this opinion.