Wisconsin Power & Light Company, Appellant, vs. Berlin Tanning & Manufacturing Company, Respondent.

*April 8—May 7, 1957.*

For the appellant there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *William Ryan*.

For the respondent there was a brief and oral argument by *James L. McMonigal* of Berlin.

FAIRCHILD, J.   The complaint in essence states a cause of action for a quantity of gas service furnished which at applicable rates was worth $26,361 and for which defendant has only paid $3,440.79. The answer sufficiently raises an issue of fact as to the plaintiff's claim of the amount of gas furnished. The form of the denial in the answer is not in the exact language of the statute but is a form widely used and in substance amounts to the same thing. With respect to the allegations of the complaint which form the gist of the plaintiff's cause of action, the answer "alleges that defendant does not have sufficient knowledge or information upon which to form a belief . . . therefore denies the same and puts plaintiff to its proof thereof." Sec. 263.13 (1), Stats., provides that the answer must contain a specific denial of an allegation or "of any knowledge or information thereof sufficient to form a belief."

Plaintiff claims that denial of knowledge or information sufficient to form a belief as to some of the allegations such as the filing of rate schedules was an insufficient denial because the truth of the allegations was a matter of public record or otherwise readily ascertainable by defendant. Plaintiff's point is well taken. *Goodell v. Blumer* (1877), 41

Wis. 436, 444; *Elmore v. Hill* (1879), 46 Wis. 618, 624, 1 N. W. 235; *Mineral Point v. Davis* (1948), 253 Wis. 270, 274, 34 N. W. (2d) 226. Denials of other allegations, however, sufficiently raise an issue as to the amount of gas the plaintiff furnished.

Sec. 270.635, Stats., permits the entry. of summary judgment upon the affidavit of a person with knowledge setting forth such evidentiary facts as shall establish plaintiff's cause of action sufficiently to entitle him to judgment. Plaintiff did not file any affidavit setting forth evidentiary facts as to the amount of gas actually furnished and the applicable rates. The affidavits did nothing to eliminate the fundamental issue of fact: Was the amount furnished in excess of the amount billed and paid for? Accordingly, plaintiff's motion for summary judgment was properly denied and the order appealed from must be affirmed in that respect.

Defendant attempted to plead certain setoffs. Whether tested as causes of action or as defenses, it would perhaps require more than liberality of construction to say that they sufficiently plead injury or damage resulting from defendant's reliance upon the correctness of the bills rendered. The same is true of the separate defense of laches.

We are, however, required by statutes relating to the business of public utilities, plaintiff being one, to hold that these counterclaims and defenses are insufficient in any event. Sec. 196.22, Stats., makes it unlawful for any public utility to receive a greater or *less* compensation for its service than is specified in its rates schedules. If defendant's pleas are recognized either as setoffs or defenses, defendant will have paid less for gas than the proper rate. This means that it will have paid less than other like users were required to pay for like service.

Most of the decisions dealing with mistake in quotation of rates or mistake in billing have involved the Interstate Commerce Act but in all material respects, that statute is

similar to sec. 196.22, Stats. Misquotation of rates by a railroad does not estop the railroad from collecting the correct rate. *Mellon v. Johnson Co.* (1928), 196 Wis. 64, 68, 219 N. W. 352. Under the Federal Motor Carrier Act prohibiting receipt of less compensation for service than the tariff rates, neither the doctrine of waiver nor estoppel can be invoked when the application thereof would result in such violation. *Hanaman v. Liberty Trucking Co.* (1943), 242 Wis. 92, 97, 7 N. W. (2d) 609. The obligation to pay the applicable rate is statutory and is not a matter of contract. *Northern Wisconsin P. Co. v. Chicago & N. W. R. Co.* (1931), 203 Wis. 549, 234 N. W. 726. In *Chicago & N. W. R. Co. v. J. I. Case Plow Works* (1921), 173 Wis. 237, 180 N. W. 846, defendant ordered goods on which the freight was to be prepaid and when the goods arrived, the railroad gave defendant an expense bill which showed the freight had been paid. In reliance thereon defendant paid for the goods without deducting any freight charge. It developed that the freight charge had not been paid and the railroad sued the defendant. It was decided that the railroad was not estopped by its own negligence in informing defendant that the freight had been paid. At page 240, the court quoted *New York, N. H., & H. R. Co. v. York & Whitney Co.* (1913), 215 Mass. 36, 102 N. E. 366, as follows: " 'The public policy thus declared supersedes the ordinary doctrine of estoppel, so far as that would interfere with the accomplishment of the dominant purpose of the act. It does not permit that inequality of rates to arise indirectly through the application of estoppel, which it was the aim of the act to suppress directly.' "

Defendant points out that it has not pleaded that plaintiff is estopped by reason of plaintiff's negligent error in billing and defendant's reliance thereon and resulting injury. Defendant asserts that the cases above referred to are inapplicable because defendant has pleaded a cause of action for

damages resulting from negligence. We do not see any important difference between reducing the amount to be paid plaintiff by a defense of estoppel arising out of negligent billing and reducing the amount by setting off damages arising from negligent billing. In two railroad cases the United States supreme court denied recovery on a similar claim. In *Texas & Pacific R. Co. v. Mugg* (1906), 202 U. S. 242, 26 Sup. Ct. 628, 50 L. Ed. 1011, the shipper sued the railroad in the courts of Texas alleging that the railroad had misquoted a rate; that the shipper relied on it in quoting a price at which it would sell goods on a freight prepaid basis; that the shipper suffered loss when required by the railroad to pay the correct freight rate which was higher than the one quoted. Recovery was permitted in the state courts but the decision reversed in the United States supreme court. In *Illinois Central R. Co. v. Henderson Elevator Co.* (1913), 226 U. S. 441, 33 Sup. Ct. 176, 57 L. Ed. 290, a similar case arose. The Kentucky court granted recovery but its decision was reversed.

Accordingly, we reach the conclusion that defendant can base neither a counterclaim nor a defense upon negligent underbilling by plaintiff.

*By the Court.*—Order affirmed in so far as it denied plaintiff's motion for summary judgment; order reversed in so far as it overruled plaintiff's demurrer to counterclaim and affirmative defense; cause remanded with directions to sustain the demurrer and for further proceedings according to law.