Charles JOHNSON and Karen Johnson, Plaintiffs-Appellants-Petitioners,

v.

ROGERS MEMORIAL HOSPITAL, INC., Heartland Counseling Services, Defendants-Respondents,

SOUTH STREET CLINIC, Defendant,

Kay PHILLIPS, Ph.D., Jeff Hollowell and Tim Reisenauer, Defendants-Respondents,

ABC INSURANCE COMPANY, DEF Insurance Company, GHI Insurance Company, JKL Insurance Company, MNO Insurance Company and PQR Insurance Company, Defendants,

WISCONSIN PATIENTS COMPENSATION FUND, Defendant-Respondent.

Supreme Court

*No. 98–0445. Oral argument April 6, 2001.—Decided June 19, 2001.*

2001 WI 68

(Also reported in 627 N.W.2d 890.)

366

For plaintiffs-appellants-petitioners there were briefs by *William Smoler* and *Smoler Law Office, LLC,* Madison, and *Gregory P. Seibold* and *Murphy & Desmond, S.C.,* Madison, and oral argument by *William Smoler* and *Gregory P. Seibold.*

For defendant-respondent, Rogers Memorial Hospital, Inc., there was a brief by *Lori Gendelman, Jeffrey J.P. Conta* and *Otjen, Van Ert, Lieb & Weir, S.C.,* Milwaukee, and oral argument by *Lori Gendelman.*

For defendant-respondent, Kay Phillips, Ph.D., there was a brief by *David E. McFarlane* and *Bell, Gierhart & Moore, S.C.,* Madison, and oral argument by *David E. McFarlane.*

For defendants-respondents, Jeff Hollowell and Tim Reisenauer, there was a brief by *Bradway A. Liddle, Jr., Mario D. Mendoza* and *Boardman, Suhr, Curry & Field, LLP,* Madison, and oral argument by *Mario D. Mendoza.*

¶ 1. WILLIAM A. BABLITCH, J. Charles and Karen Johnson (Johnsons) seek review of two determinations by the court of appeals relating to their claims for personal injuries resulting from the alleged negligent treatment of their adult daughter, Charlotte, by various therapists and a hospital. The court first determined that the Johnsons' claims of negligence and negligent infliction of emotional distress against three therapists for implanting false memories of sexual and physical abuse in their child must be dismissed based on public policy concerns of confidentiality in the therapist-patient relationship. Second, the court concluded that the Johnsons' breach of contract claim against the hospital must also be dismissed based on the same public policy concerns. The Johnsons contend that these determinations were based on an insufficient factual record. We agree. Further development of the factual record is necessary before a decision can be made on these issues. We also review and reject the hospital's arguments that the Johnsons lack standing to sue the hospital and that their claim against the hospital is barred by the statute of limitations. Accordingly, we reverse the court of appeals' decision and remand for further proceedings.

I

¶ 2. On May 29, 1996, the Johnsons filed a complaint against the defendants, alleging the following facts. Beginning in the late summer or fall of 1991, Charlotte began psychotherapy treatment with defendant Kay Phillips (Phillips) and defendant Heartland Counseling Services. Shortly thereafter, Phillips referred Charlotte to defendant Rogers Memorial Hospital (RMH) for treatment in specialty programs that focused on eating disorders, addictive disorders, and

sexual and physical abuse issues. Charlotte was admitted to RMH as an inpatient in early November 1991. The Johnsons entered into a financial agreement with RMH in which they agreed to pay for this inpatient care.

¶ 3. At RMH, Charlotte received treatment from defendants Jeff Hollowell (Hollowell) and Tim Reisenauer (Reisenauer). During this treatment, Charlotte developed the belief that her parents had sexually and physically abused her as a young child. Charlotte remained as an inpatient at RMH until November 29, 1991, but continued to receive treatment from Hollowell and Reisenauer after that time as an outpatient. She confronted her father about this abuse on November 22, 1991, and confronted her mother on October 28, 1993. Both confrontations occurred during meetings where Charlotte's therapists were present, although it is unclear who was present, including which therapists.

¶ 4. The Johnsons denied that such abuse occurred. Nevertheless, Charlotte terminated her relationship with her parents. The Johnsons were unsuccessful in reestablishing any relationship with her. Charlotte continues to believe that her parents abused her.

¶ 5. In their complaint, the Johnsons alleged three primary causes of action. First, they alleged negligence against Phillips, Hollowell, and Reisenauer (therapists) for their treatment of Charlotte. They claimed that the treatment provided by the therapists resulted in Charlotte's false beliefs that she had been abused and that their continued treatment of Charlotte reinforced these false beliefs. The Johnsons also contended that the therapists failed or refused to counsel Charlotte to determine the validity of these memories

despite being informed by the Johnsons that these beliefs were false. Under this cause of action, they sought the following damages: past and future mental and emotional pain and suffering, past and future loss of enjoyment of life, loss of the relationship of Charlotte, and loss of funds paid for the negligent treatment.

¶ 6. A second cause of action alleged negligent infliction of emotional distress against the therapists. Within this claim, the Johnsons asserted that the therapists' negligent treatment of Charlotte, which included the confrontation meetings, caused them to suffer severe emotional damages.

¶ 7. A third cause of action alleged a breach of contract against RMH for failing to provide appropriate treatment to Charlotte pursuant to its financial agreement with the Johnsons. The Johnsons sought the following damages under this cause of action: emotional pain and suffering, past and future loss of enjoyment of life, loss of the relationship with Charlotte, and loss of payments made for inpatient care.

¶ 8. The complaint also alleged that RMH was liable for the conduct of Hollowell and Reisenauer under an ostensible agency theory. The Johnsons also sought recovery from various unnamed insurance companies for coverage provided to the defendants and from the Wisconsin Patients Compensation Fund for coverage provided to RMH.

¶ 9. The defendants answered and denied the allegations. A series of motions to dismiss followed. In her motion, Phillips argued that the complaint failed to state a claim upon which relief could be granted and that the applicable statute of limitations barred the claim. Hollowell and Reisenauer presented similar arguments in a separate motion. In its motion, RMH

alleged a failure to state a claim, a failure to comply with the statute of limitations, and a lack of standing to sue under Wis. Stat. Ch. 655 (1997–98).[1] RMH's motion also sought summary judgment in the alternative.[2]

¶ 10. The Dane County Circuit Court, the Honorable Daniel R. Moeser, dismissed the complaint.[3] The court concluded that the claims against the therapists failed to state claims upon which relief could be granted and that the claims against RMH required dismissal because the Johnsons did not have standing to sue RMH. The court also noted that the Johnsons' claims against RMH were barred by the statute of limitations.

¶ 11. The Johnsons appealed. While their appeal was pending, we decided *Sawyer v. Midelfort*, 227 Wis. 2d 124, 595 N.W.2d 423 (1999). *Sawyer* directly addressed an issue central to the Johnsons' case, that is, whether the parents of an adult child can maintain a third-party professional negligence claim against a therapist when the therapist's treatment resulted in the implanting of alleged false memories of abuse in the child. *Id.* at 129, 136. Applying public policy concerns from *Schuster v. Altenberg*, 144 Wis. 2d 223, 424

---

[1] All subsequent references to the Wisconsin Statutes are to the 1997–98 version unless otherwise indicated.

[2] Although not filing a separate motion to dismiss, Wisconsin Patients Compensation Fund joined the arguments of the movants. South Street Clinic was dismissed prior to the circuit court's decision on these motions.

[3] RMH contends that, because it moved for summary judgment, we may review this case under summary judgment standards. However, because the circuit court decided this case as a motion to dismiss based solely on the pleadings, we address the defendants' motions in a similar manner.

N.W.2d 159 (1988), as well as collateral burdens to a therapist-patient relationship that are presented by such claims, we concluded that the Sawyers' claim was not prohibited by such policy concerns. *Sawyer*, 227 Wis. 2d at 142–151.

¶ 12. After our decision in *Sawyer*, the court of appeals affirmed the circuit court's decision to dismiss the Johnsons' complaint. *See Johnson v. Rogers Mem'l Hosp.*, 2000 WI App 166, ¶ 20, 238 Wis. 2d 227, 616 N.W.2d 903. In its decision, the court noted that the Johnsons' claims presented a significant collateral burden on confidentiality within the therapist-patient relationship that was not present in *Sawyer*, and this burden precluded the Johnsons from continuing their claims. *Id.* at ¶¶ 17–18. In particular, unlike *Sawyer*, where the plaintiff parents, as administrators of their deceased child's estate, had custody of the child's medical records, neither the Johnsons nor the therapists had any such access. *Id.* at ¶¶ 11, 17. Charlotte, the court noted, had neither waived her rights to the confidentiality to her medical records nor relinquished any privilege to the privacy of her communications with her therapists. *Id.* at ¶ 11.

¶ 13. Because the court of appeals believed that these medical records and confidential communications were necessary to the fair resolution of the Johnsons' claims, it precluded the Johnsons from pursuing their claims "in order to further the public policy of protecting the confidentiality of the therapist-patient relationship." *Id.* at ¶ 18. The court also dismissed the Johnsons' claims against RMH, concluding that the breach of contract claim was nothing more than a malpractice claim that was similarly precluded because it too relied on Charlotte's confidential communications and health care records. *Id.* at ¶ 19.

## II

¶ 14. Our review is limited to the following three issues: (1) whether the Johnsons' claims against the therapists must be dismissed in light of the potential burden of such claims on confidentiality in the therapist-patient relationship; (2) whether the Johnsons have standing to sue RMH in light of Wis. Stat. Ch. 655 and may sustain this claim despite any public policy concerns; and (3) whether the Johnsons' claim against RMH is barred by the statute of limitations.

■

¶ 15. We first review whether the Johnsons' negligence and negligent infliction of emotional distress claims against the therapists state claims upon which relief may be granted. The question of whether a complaint states a claim is one of law. *Koestler v. Pollard*, 162 Wis. 2d 797, 802, 471 N.W.2d 7 (1991). We apply a de novo standard when reviewing such decisions. *Elections Bd. v. WMC*, 227 Wis. 2d 650, 660, 597 N.W.2d 721 (1999). We proceed in the following manner in determining whether dismissal is warranted:

> We review the complaint in the same manner as the circuit court and the court of appeals, benefitting from their analyses and opinions. Pleadings are to be liberally construed, and a claim will be dismissed only if "it is quite clear that under no conditions can the plaintiff recover." The complaint must be viewed most favorably to the plaintiff. Accepting the allegations as true, we must decide whether a plaintiff has stated a claim upon which relief may be granted.

*Bowen v. Lumbermens Mut. Cas. Co.*, 183 Wis. 2d 627, 635–36, 517 N.W.2d 432 (1994) (citation omitted).

¶ 16.  The court of appeals determined that dismissal was required based on public policy considerations. Application of such considerations "is a function solely of the court." *Id.* at 654. As a result, the court may make its public policy determination based solely on the pleadings without proceeding to trial. *Id.* at 654–55. However, if the issues are complex or the facts not fully presented, it may be desirable for the court to allow further discovery or even a full trial before making its determination. *See id.* at 655. In this case, the facts of record do not fully present the question of public policy. As a result, we conclude that the court of appeals should not have decided this issue based on the present record.

¶ 17.  In *Sawyer*, we permitted the plaintiffs to move forward on a claim of professional negligence against two therapists to recover for direct injuries resulting from treatment of their adult child that lead to false memories of abuse. *Sawyer*, 227 Wis. 2d at 137–51. We also permitted the plaintiffs to continue with a claim of negligent infliction of emotional distress against one therapist. *Id.* at 154–58. The defendants argue that *Sawyer* does not control this case because, in this case, the claim affects a collateral burden on the therapist-patient relationship, which was addressed but did not apply in *Sawyer*. *See id.* at 150. The burden involved the importance of confidentiality in the therapist-patient relationship and the concerns that such claims would jeopardize confidentiality within this relationship and that confidentiality would prevent therapists from being able to adequately defend themselves from such actions. *Id.* The defendants only focus on these concerns as distinguishing characteristics

between this case and *Sawyer*. The parties have provided detailed analyses on these concerns.

¶ 18.   Indeed, these concerns are significant and may prevent a claim from moving forward in some instances. Based on the current record, however, we are unable to determine whether the Johnsons' claims will place a burden on such confidentiality. The facts of record do not reveal whether Charlotte has waived her rights concerning confidentiality of her health care records or her privilege to confidential communications with her therapists. *See* Wis. Stat. §§ 146.82, 905.04. Further, we are unable to determine whether any privilege applies based on the fact that the Johnsons attended meetings where this therapy method was revealed. *See* § 905.04(1)(b). In addition, the Johnsons have raised an issue of fact as to whether the privilege applies to the therapists in this case. *See* § 905.04(1)(e). ██

· ¶ 19.   Accordingly, we conclude that a determination on whether the Johnsons' claims should be dismissed is premature. As a result, the defendants' motions to dismiss on the claims against the therapists must be denied.[4] This conclusion applies equally to the Johnsons' claims against RMH under their ostensible agency theory.

---

[4] The court of appeals concluded, and the Johnsons concede, that, to the extent the Johnsons' claims allege injuries related to the loss of society and companionship of an adult child, the Johnsons may not recover for such injuries. *See Johnson v. Rogers Mem'l Hosp.*, 2000 WI App 166, ¶ 7 n. 3, 238 Wis. 2d 227, 616 N.W.2d 903 (citing *Estate of Wells v. Mount Sinai Med. Ctr.*, 183 Wis. 2d 667, 677–78, 515 N.W.2d 705 (1994)). We agree with the court of appeals that the Johnsons' claim for loss of relationship with Charlotte must be construed as such and must be barred.

¶ 20.   The second issue presented is whether the Johnsons have standing to bring their breach of contract claim against RMH and may pursue this claim in view of public policy considerations. RMH argues that the Johnsons lack standing because Wis. Stat. Ch. 655, Wisconsin's health care liability law, provides the exclusive remedy for such claims against health care providers and because the Johnsons do not fall within the list of individuals who may bring such a claim under the chapter. We conclude, however, that the question is more appropriately characterized as whether the Johnsons have stated a viable cause of action, rather than whether they have standing to sue. As noted by the court of appeals, this action, although labeled as a contract claim, is actually an action for professional negligence because it is based on whether RMH provided appropriate treatment to Charlotte. We specifically allowed such claims to move forward outside the realm of chapter 655 in *Sawyer. See also Schuster*, 144 Wis. 2d 223. Accordingly, chapter 655 is not the exclusive remedy for such claims, like the Johnsons' claim, brought consistent with our holding in *Sawyer*. The Johnsons may proceed with their claim. We note that, similar to the claims against the therapists, this claim also presents concerns surrounding the burden it may place on confidentiality in the therapist-patient relationship. However, again, based on the current insufficient state of the record, we decline to make a determination on whether this concern requires dismissal.

■■

¶ 21.   The final question on review is whether the statute of limitations barred the Johnsons' claim against RMH because any negligent treatment pro-

vided by RMH occurred more than three years prior to the filing of the complaint in violation of Wis. Stat. § 893.55(1). We conclude, however, that this issue also cannot be determined based on the factual record present at this time. The complaint is unclear as to whether Charlotte's treatment with RMH extended beyond her inpatient treatment during November 1991. As Judge Dykman noted in his dissent at the court of appeals in this case, a reasonable inference can be drawn from the complaint that RMH provided care as late as October 28, 1993. *See Johnson*, 2000 WI App 166 at ¶ 24 (Dykman, P.J., dissenting). The factual record must be developed on this issue before a determination on the statute of limitations can be made. In turn, the defendants' motions to dismiss on the claim against RMH must also be denied.

### III

¶ 22. In sum, in view of the current state of the record, we conclude that the Johnsons have presented claims upon which relief may be granted. The record is insufficient for us to determine whether public policy considerations bar the Johnsons' claims. Further, the factual record is insufficient for us to determine whether the statute of limitations bars the Johnsons' claim against RMH. As a result, we reverse the court of appeals' decision, which upheld the circuit court's dismissal of the complaint.

*By the Court.*—The court of appeals' decision is reversed, and the cause is remanded to the circuit court.