POLACHECK and another, Respondents, vs. MICHIWAUKEE GOLF CLUB and others, Appellants.

*January 7—February 5, 1929.*

For the appellants there was a brief by *Bottum, Hudnall, Lecher, McNamara & Michael* of Milwaukee, and oral argument by *George B. Hudnall*.

For the respondents there was a brief by *Lamfrom, Tighe, Engelhard & Peck*, attorneys, and *Leon B. Lamfrom, Leo Mann*, and *Lawrence A. Olwell*, of counsel, all of Milwaukee, and oral argument by *Egon W. Peck*.

The following opinion was filed February 5, 1928:

ROSENBERRY, J. The order appealed from must be reversed. The allegations of the complaint are broad generalizations charging the defendants or some of them with

misconduct. For instance, it is alleged that the lease or arrangement does not require the golf club to pay any adequate compensation therefor. Except the subsequent allegation that the golf club is required to pay only the interest due upon said outstanding bonds as they severally mature, there is no allegation in the complaint as to what the golf club does pay or should pay. Whether the compensation is adequate or not is a mere conclusion.

It is further alleged that the officers and directors are guilty of gross misconduct in office because they have abused their trust in that they have not carried out the corporate purpose, which is assumed to be the making of financial profit. It is quite apparent from the allegations of the complaint that the very purpose of the organization of the land company was to permit the lease of the property of the land company for the purposes of the golf club. While the purposes for which the land company was organized are stated in very broad terms, practically following the language of the statute in many respects, the principal corporate purpose clearly appears. The allegations of the complaint disclose an effort on the part of the minority stockholders to coerce the majority by having the court prescribe what the officers should do in the discharge of their corporate duties. It nowhere appears that the management of the corporation is contrary to the interests of either corporation or in opposition to the wishes of the majority members of the corporation or that the land company had been so managed as to defeat the principal purpose which its organizers had in forming the corporation. If the property was acquired for $70,000, the amount of authorized capital, and is now worth $150,000, there could not have been any very great amount of mismanagement of the corporate affairs. The mere fact that the directors and officers of the land company are also the directors and officers of the golf club does not vitiate the arrangement between them. It is quite apparent that the

land company was not organized as a commercial venture. The arrangement or lease as it is called in the complaint remained unchallenged for five years. The complaint is singularly barren of any specific allegation which tends in any manner whatever to charge the officers of the land company with mismanagement. Courts will not interfere in the internal management of corporate affairs in the absence of allegations clearly disclosing abuse of power by corporate officers, bad faith or wilful abuse of discretion or positive fraud. *Fleischer v. Pelton Steel Co.* 183 Wis. 451, 198 N. W. 444; *Gesell v. Tomahawk Land Co.* 184 Wis. 537, 200 N. W. 550; *Trustees Onalaska Camp v. Onalaska M. W. H. Asso.* 179 Wis. 486, 192 N. W. 33; *Bergenthal v. Boynton A. L. Co.* 179 Wis. 42, 190 N. W. 901; *Figge v. Bergenthal,* 130 Wis. 594, 109 N. W. 581, 110 N. W. 798. On the authority of these and other cases the demurrer to the complaint should have been sustained.

We do not find it necessary to discuss other questions raised.

*By the Court.*—The order appealed from is reversed, and cause remanded for further proceedings according to law.