THAUER, Respondent, vs. GAEBLER and others, Appellants.

*September 18—October 14, 1930.*

The cause was submitted for the appellants on the brief of *Pellette & Zillmer* of Milwaukee and *Robert W. Lueck* of Watertown, and for the respondent on that of *Skinner & Thauer* of Watertown and *Richmond, Jackman, Wilkie & Toebaas* of Madison.

FRITZ, J. Defendants' first contention is that plaintiff's allegations as to some material facts should not be considered because such allegations are accompanied by the words "as plaintiff verily believes," instead of alleging the existence of such facts positively and unqualifiedly as facts within plaintiff's knowledge, or, at least, upon information and belief.

The verification to the complaint is to the effect prescribed by sec. 263.25, Stats. Under that section, facts are

to be alleged directly or positively, because true to the knowledge of the party verifying, or they are to be stated on information and belief, with a verification that as to them the party verifying believes them to be true. The prescribed method of verification does not contemplate the mere allegation that plaintiff verily believes a fact to exist. The only permissible departure from the direct and positive form of allegation made upon the knowledge of the party verifying is the alternative form, "upon information and belief," which is expressly authorized by sec. 263.25, Stats. Matters of fact as to which the pleader merely alleges that he verily believes them to exist are not properly pleaded, and if the sufficiency of the allegations to state a cause of action is challenged by demurrer, the matters as to which the pleader has merely stated that he verily believes them to exist cannot be taken into consideration. If, without such matters, the remaining allegations are insufficient to state a cause of action or defense, the demurrant is entitled to have his demurrer sustained.

Are the allegations which remain after disregarding those defectively stated, sufficient to allege a cause of action? Briefly summarized, the facts which are properly alleged are to the following effect: The plaintiff is a minority stockholder of the defendant corporation, and brings this action for an accounting and to recover moneys for its benefit, because the individual defendants, who hold the majority of the corporate stock, and who, as such stockholders and as the majority in number of the board of directors, and the managing officers of the corporation, refuse to act to recover for the corporation some of its money which was unlawfully paid by those officers to themselves.

Prior to January 14, 1929, the defendant Gaebler was president, treasurer, and general manager of the corporation, and received a salary of $75 per week for devoting his full time to its business. In July, 1928, the defendant

Ellington was employed to devote his entire time to work for the corporation, at an agreed salary of $250 per month, without any additional compensation. On January 14, 1929, at a stockholders' meeting, Ellington was elected as one of the three directors of the corporation, and then, at a directors' meeting, he was elected as its vice-president and secretary.

"Thereafter, and at the same meeting, . . . said defendants Gaebler and Ellington, over the protest and against the dissenting vote of the plaintiff, passed a resolution increasing the salary of said Hans B. Gaebler to one hundred and five ($105) dollars per week, and increasing the salary of said A. M. Ellington to one hundred ($100) dollars per week; that each of said salaries was and is excessive and unreasonable for the services rendered and to be rendered by said defendants. That at said meeting said defendants Gaebler and Ellington, as directors, voted in favor of the resolution introduced by said Gaebler to pay five hundred ($500) dollars to defendant Ellington as additional compensation or bonus on account of alleged services rendered in the year 1928. That plaintiff voted against said resolution and against said payment. . . . That, as plaintiff is informed and believes, said resolution providing for said payment of five hundred ($500) dollars to said Ellington was without consideration and was unauthorized and beyond the power of said directors, and was an excessive and unreasonable payment, and was also a gift of assets of said corporation to said Ellington."

"That it was the duty of defendants, as officers and directors of said corporation, to endeavor at all times in good faith and with all reasonable diligence to reduce and hold down the overhead expense of said corporation. That defendants entirely failed so to do, and failed to make reasonable effort so to do, and in dealing with funds so fixed their own salaries at excessive and unlawful amounts, being the amounts as above stated, as fixed by them at said meeting of January 14, 1929, and which amounts were unreasonable and in excess of what the services were reasonably worth, and in excess of what the corporation should reasonably pay for such services, and that said resolutions author-

izing the payment of said sums by way of bonus and salaries, as hereinbefore alleged, were invalid because unreasonable and without consideration, as hereinbefore alleged. . . ."

The individual defendants paid the $500 as bonus to Ellington, and the increased salaries to themselves, out of the corporation assets, in bad faith and unreasonably, and in violation of their duty as directors to act in good faith and with reasonable diligence for the protection of the interests of the corporation, and although they knew that the corporation sustained a loss of $20,000 in 1928, and an operating loss of $5,000 in 1929, up to September.

As to the allegations that $500 were paid out of corporate funds to Ellington, without consideration, pursuant to a resolution, adopted by the board of directors by the votes of Ellington and Gaebler, on January 14, 1929, to pay such a bonus because of services which had been rendered by Ellington during the preceding year, under an express contract of employment, at an agreed and definite salary, the complaint unquestionably states sufficient facts for the recovery of that payment by the corporation.   4 Fletcher, Ency. Priv. Corp. § 2762; 7 Ruling Case Law, pp. 466, 467. See cases cited in notes in L. R. A. 1915 D, pp. 633–635. As to that gratuitous payment of $500 a cause of action is stated, and the defendants' demurrer was rightly overruled.

A more difficult question is presented as to the sufficiency of the allegations upon which plaintiff seeks, as part of the same cause of action, to predicate the right to recover the payments of the increases in salary.   At the outset defendants contend that the statement that the increased salaries are "excessive and unreasonable," or "excessive and unlawful," are mere statements of conclusions of law.   They are really statements of mixed conclusions of fact and law, the ultimate of which is, in a broad sense, a conclusion of fact, and consequently may be pleaded according to their

legal effect. *Schmidt v. Joint School Dist.* 146 Wis. 635, 639, 132 N. W. 583. They are stated in connection with other facts considered to afford some basis for the conclusions, such as the amounts of the increases, the continued character of the services, and the financial losses which the corporation was sustaining. In so far as they are indefinite or uncertain they could be challenged by a motion to make more definite and certain; but mere want of detail or precision does not go to their sufficiency when challenged on demurrer. *Laun v. Kipp,* 155 Wis. 347, 359, 145 N. W. 183; *Simpson v. Cornish,* 196 Wis. 125, 218 N. W. 193.

On the other hand, although Gaebler and Ellington are charged in terms with having passed the resolution for the increased salaries and bonus in bad faith, to promote their own interests, and in disregard of their duties as corporate officers to conserve the assets of the corporation, there are no allegations of facts or acts of a fraudulent or deceitful character.

Although it is well established that corporate officers "are not permitted to use their position of trust and confidence to further their private interests" (*Timme v. Kopmeier,* 162 Wis. 571, 575, 156 N. W. 961; *McDermott v. O'Neil Oil Co.* 200 Wis. 423, 228 N. W. 481, 483), it is equally well established that—

"Courts will not interfere in the internal management of corporate affairs in the absence of allegations clearly disclosing abuse of power by corporate officers, bad faith, or wilful abuse of discretion or positive fraud." *Polacheck v. Michiwaukee Golf Club,* 198 Wis. 78, 82, 223 N. W. 233, listing a number of Wisconsin cases, to which *Goodwin v. von Cotzhausen,* 171 Wis. 351, 177 N. W. 618, may be added.

In the latter case this court said:

"It is inherent in the nature of corporations that the affairs thereof are to be managed and directed as willed by the majority of the stockholders. Their decisions within

the scope of legitimate discretion cannot be interfered with, and even though, in the opinion of the minority, the policies adopted by the majority are not for the best interests of the corporation, nevertheless they must accept such decisions and acquiesce therein. They cannot complain thereof unless they be prompted by fraud and bad faith, resulting in the spoliation of the minority stockholders and ruin to the corporation." (Page 361.)

It cannot be said that the allegations, in so far as they relate to the increases in salaries, clearly disclose abuse of corporate power, bad faith, or wilful abuse of discretion, or positive fraud. If we were merely concerned with the matter of increased salary payments for services rendered during the period not covered by an existing, unperformed, express contract, the defendants would be entitled to have their demurrer sustained. Further facts must be proven to establish a case, under the rules hereinbefore stated, for the recovery of the amounts paid as increases in salary.

*By the Court.*—Order affirmed.