Board of Trustees of Northwestern College, Appellant, vs. Watertown Building and Loan Association, Respondent.

*February 12—March 10, 1931.*

For the appellant there was a brief by *Ernst von Briesen,* attorney, and *H. F. Lichtsinn* of counsel, both of Milwaukee, and oral argument by *Mr. von Briesen.*

For the respondent there was a brief by *Skinner & Thauer* of Watertown, attorneys, and *Orlaf Anderson* of Milwaukee of counsel, and oral argument by *Wallace Thauer.*

ROSENBERRY, C. J. The trial court sustained the demurrer to the complaint apparently upon the theory that because the statutes of this state did not authorize a corporation such as the plaintiff to hold shares in the building and loan association, a contract made between the plaintiff and the defendant was illegal; that the parties were *in pari delicto;* that the law would therefore deny all relief and leave the parties where it found them. Upon what theory the court could say that a contract which is every day entered into by an innumerable number of persons is so wrong as to bring the parties to it within the rule which applies

to gambling contracts, we are unable to discover. The difficulty arises in this case because of the alleged incompetency of the plaintiff under the statute as it existed to hold stock in another corporation without complying with the statutes authorizing it to do so. The defect proceeds from the incompetency of the party rather than from the illegality of the contract itself. The plaintiff having paid its money to the defendant, supposing itself to be entitled to become a member of the defendant association, the defendant now refusing to complete the arrangement, we perceive no reason, either in law or morals, why the plaintiff should not be permitted to recover the amount by which its payments have enriched the defendant, together with interest at the legal rate from date of demand. *State v. Milwaukee*, 158 Wis. 564, 149 N. W. 579.

We do not determine whether the plaintiff was competent to become a member of the defendant association. It is not seeking to enforce its rights as a member. It seeks to recover that which it has paid into the treasury of the defendant company plus simple interest. This it is entitled to do because, even if it should be held that there was a contract, the defendant has breached it. *American Exp. Co. v. Citizens State Bank*, 181 Wis. 172, 194 N. W. 427; *Handelsman v. Chicago Fuel Co.* 6 Fed. (2d) 163.

Some of the allegations in the third cause of action are made upon information and belief. It is objected that this brings the pleading within the condemnation of the rule laid down in *Thauer v. Gaebler*, 202 Wis. 296, 232 N. W. 561. That case merely held that where allegations of a pleading were not made in direct and positive form, they should be upon information and belief, and allegations made in the form "as plaintiff verily believes" were criticised. Manifestly the pleading in this complaint is not subject to that criticism.

*By the Court.*—The order appealed from is reversed, and cause remanded for further proceedings according to law.